(Reap. Dec. 8326)

WORCESTER ROYAL PORCELAIN CO., INC., ET AL. *v.* UNITED STATES

Entry No. 731007–1/2, etc.

(Decided July 22, 1954)

*Fred Bennett* for the plaintiffs.
*Warren E. Burger*, Assistant Attorney General, for the defendant.

LAWRENCE, Judge: The appeals for a reappraisement enumerated in schedule "A," attached hereto and made a part hereof, have been submitted for decision upon the following stipulation of counsel for the respective parties:

IT IS HEREBY STIPULATED AND AGREED:

I. That some of the merchandise covered by the appeals for reappraisement which are enumerated on Schedule A, attached hereto, is manufactured silverware imported from England, in the form of various silver articles which were invoiced at various unit prices less a discount of 7½ per cent;

II. That, at the time of exportation of said merchandise from England to the United States, such or similar merchandise was not freely offered for sale to all purchasers in the United Kingdom of Great Britain and Northern Ireland, either for home consumption or for exportation to the United States; nor was such or similar merchandise then freely offered for sale for domestic consumption in the United States to all purchasers;

III. That the entered value of each item of said merchandise covered by appeal for reappraisement No. 196338–A is equal to the sum of

(1) The cost of materials and labor in manufacturing such or similar merchandise, at a time preceding the date of exportation of said item of said merchandise covered by said appeal which would ordinarily permit its manufacture in the usual course of business;

(2) The usual general expenses (not less than 10 per centum of such cost) in the case of such or similar merchandise;

(3) The cost of all containers and coverings, and all other costs, charges and expenses incident to placing said item of said merchandise covered by said appeal in condition, packed ready for shipment to the United States; and

(4) An addition for profit (not less than 8 per centum of the sum of the amounts referred to under subparagraphs (1) and (2) of this paragraph)

equal to the profit which ordinarily is added, in the case of merchandise of the same general character as said item of said merchandise covered by said appeal, by manufacturers in the country of manufacture who are engaged in the manufacture of merchandise of the same class or kind;

IV. That the appraised value of each item of said merchandise covered by the other appeals for reappraisement which are enumerated on Schedule A attached hereto, less the addition made by the importer on entry because of advances by the appraiser in similar cases pending on appeal for reappraisement, is equal to the sum of

(1) The cost of materials and labor in manufacturing such or similar merchandise, at a time preceding the date of exportation of said item of said merchandise covered by said appeals which would ordinarily permit its manufacture in the usual course of business;

(2) The usual general expenses (not less than 10 percentum of such cost) in the case of such or similar merchandise;

(3) The cost of all containers and coverings, and all other costs, charges and expenses incident to placing said item of said merchandise covered by said appeals in condition, packed ready for shipment to the United States; and

(4) An addition for profit (not less than 8 per centum of the sum of the amounts referred to under subparagraphs (1) and (2) of this paragraph) equal to the profit which ordinarily is added, in the case of merchandise of the same general character as said item of said merchandise covered by said appeals, by manufacturers in the country of manufacture who are engaged in the manufacture of merchandise of the same class or kind;

V. That the appeals for reappraisement which are enumerated on Schedule A, attached hereto, are abandoned as to all items of merchandise except the manufactured silverware in the form of silver articles, hereinabove referred to;

VI. That said appeals for reappraisement may be submitted for decision on this stipulation and on the invoices, entries and other official papers relating to the entry and appraisement of said merchandise covered by said appeals.

The foregoing agreement of the parties is rather unusual in form and leaves much to be desired. However, as I interpret the stipulation above set forth, it leads to the following result:

(1) That as to the silverware in the form of various silver articles involved in reappraisement 196338–A, which was invoiced at various unit prices, less a discount of 7½ per centum, cost of production, as that value is defined in section 402 (f) of the Tariff Act of 1930 (19 U. S. C. § 1402 (f)), is the proper basis for determination of value, and that said value is the entered value of each of such items.

(2) That as to the silverware in the form of various silver articles in all other appeals for a reappraisement enumerated in said schedule "A," which merchandise was invoiced at various unit prices, less a discount of 7½ per centum, cost of production, as that value is defined in section 402 (f), *supra*, is the proper basis for determination of value, and that said value is the appraised value of each item, less the addition made by the importers on entry because of advances by the appraiser in similar cases pending on appeal for a reappraisement.

(3)   That as to all items of merchandise except the manufactured silverware in the form of silver articles hereinabove referred to, the appeals for a reappraisement enumerated in said schedule "A," having been abandoned, are dismissed.

Judgment will be issued accordingly.